UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID JOEL HANKINS,

    Plaintiff,

v().                              Case No. 3:25cv562-TKW-HTC

GERALD JOHNSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff David Joel Hankins, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983, alleging Defendant Gerald Johnson used excessive force against him while he was incarcerated at Santa Rosa Correctional Institution. Doc. 1. On October 6, 2025, Johnson filed a Motion to Dismiss, asserting Hankins failed to truthfully disclose his litigation history. Doc. 20 at 6. On November 4, the Court issued an order granting Hankins's motion for an extension of time to file a response to Johnson's Motion to Dismiss and warning Hankins the Court may grant Johnson's motion by default if Hankins failed to file a response. Doc. 29. To date, Hankins has not filed a response. Upon review and consideration, the undersigned finds the case should be DISMISSED WITHOUT PREJUDICE because Hankins failed to truthfully disclose his litigation history on the complaint form.

This Court's Local Rules require prisoners and *pro se* litigants to use the Court's complaint form when filing a civil rights complaint. *See* N.D. Fla. Loc. R. 5.7(A). Section VIII of the Court's approved complaint form requires prisoners to disclose their prior litigation history. The complaint form warns plaintiffs that "failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case." Doc. 1 at 14. Moreover, the complaint form advises plaintiffs to "err on the side of caution" if they are uncertain about whether a case should be identified. *Id.*

Section VIII.C asks Hankins if he has filed "any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging [his] conviction or relating to the conditions of [his] confinement?" *Id.* at 16. Hankins answered "N/A" and did not identify any cases. *Id.* at 16-18. However, the undersigned takes judicial notice that Hankins filed at least the following cases, which relate to the conditions of his confinement or challenge his conviction: *David Hankins v. State of Florida*, Case No. 2D2011-5847 (Fla. Dist. Ct. App. July 20, 2012); *David Hankins v. Fla. Dep't Corr.*, Case No. 2106-CA-1974 (Fla. Leon County Ct. Nov. 14, 2016); and *David Hankins v. Sec. Fla. Dep't Corr.*, Case. No 2015-CA-123 (Fla. Suwannee County Ct.).[1] Despite Hankins's failure to truthfully disclose his litigation history,

---

[1] In Johnson's motion, he identified four (4) cases Hankins failed to file. However, one of those cases, habeas appeal 2D2011-4365, involves a different plaintiff. *See Thomas R. Horton v. Grady Judd, Sheriff*, Case No. 2011-4365 (Fla. Dist. Ct. App. Feb. 22, 2012) (*see*

Case No. 3:25cv562-TKW-HTC

Hankins signed the complaint "under penalty of perjury, that all of the information … included on or with the [complaint] form, including [his] litigation history, is true and correct." Doc. 1 at 18.

The Court has the inherent power to dismiss based on a failure to disclose even a single case. See *McNair v. Johnson*, 143 F.4th 1301 (11th Cir. 2025) (recognizing court's inherent authority to dismiss an action for failure to truthfully disclose litigation history when requested to do so on complaint form). It also has the inherent power to dismiss based on a failure to comply with orders of the Court, this Court's local rules, or for abusing the judicial process. *Id.* at 1308; *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.").

Thus, an appropriate sanction for Hankins's failure to provide the Court with true factual responses is to dismiss this case without prejudice. See *Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300/RS/EMT, 2010

---

https://acis.flcourts.gov/portal/court/8f454fb9-4c7f-43df-856b-ab373e71c27f/case/868a6bfd-a19e-44f7-b736-5f095074f860).

WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020). Because this is a dismissal without prejudice, Hankins may initiate a new suit on these claims, provided he does so within the statute of limitations period.

Accordingly, it is RECOMMENDED that:

1. Johnson's Motion to Dismiss (Doc. 20) be GRANTED.

2. This case be DISMISSED WITHOUT PREJUDICE under this Court's inherent power for Hankins's failure to fully disclose his litigation history.

3. The clerk be directed to close the file.

At Pensacola, Florida, this 25th day of November 2025.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.