UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DAVID JOEL HANKINS,**

 **Plaintiff,**

v.              Case No. 3:25-cv-562-TKW-HTC

**GERALD JOHNSON**

 **Defendant.**

              /

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 36) and Plaintiff's objections (Doc. 41). The Court reviewed the issues raised in the objections de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to truthfully disclose his litigation history as required by the court-mandated complaint form. *See McNair v. Johnson*, 141 F.4th 1301, 1308 (11th Cir. 2025).

The Court did not overlook Plaintiff's argument that the R&R should be rejected because, contrary to its assertion that Plaintiff did not respond to Defendant's motion to dismiss, Plaintiff had provided a response to prison official for mailing on November 16, 2025. However, even if that is true, it would not

change the outcome of this case because the disposition recommended by the magistrate judge was not based on Plaintiff's failure to respond to the motion to dismiss; rather, it was based on the merits of the motion. Moreover, in the response to the motion to dismiss (Doc. 40) that Plaintiff submitted with his objections, Plaintiff does not dispute that he did not fully disclose his litigation history; rather, he merely argues that his failure to do so was a "mistake." That, however, is not enough to save the complaint from dismissal. *See*, *e.g.*, *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (rejecting inmate's argument that dismissal was not warranted because his failure to disclose his litigation history was a "simple mistake" and explaining that dismissal was still an appropriate sanction under those circumstances "to deter Plaintiff and others from carelessly filling out the civil rights complaint form"); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) (rejecting inmate's argument that he should be allowed to amend his complaint to disclose his litigation history where his failure to do so was allegedly based on an "honest mistake" because that "would amount to no penalty ... and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form").

Accordingly, for the reasons stated above, it is **ORDERED** that:

1. The magistrate judge's R&R is adopted and incorporated by reference in this Order.

  2. Defendant's motion to dismiss (Doc. 20) is GRANTED.

  3. This case is DISMISSED under the Court's inherent authority based on Plaintiff's failure to truthfully disclose his litigation history.

  4. The Clerk shall enter judgment in accordance with this Order and close the case file.

  **DONE AND ORDERED** this 15th day of December, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**